**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ROBERT ODOM,**

        **Petitioner,**

**v.**                                         **Case No. 5:16-cv-08596**

**DAVE YOUNG, Warden,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On September 6, 2016, Petitioner Robert Odom ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is Respondent's Motion to Dismiss Petition. (ECF No. 11). Because Petitioner's release from custody renders his petition moot, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss; **DISMISS** the Petition for a Writ of Habeas Corpus; and remove this matter from the docket of the Court.

## I.    Relevant Facts

At the time Petitioner filed this action, he was incarcerated at the Federal Correctional Institution located in Beckley, West Virginia, serving a sentence imposed by the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1 at 1).

In his petition seeking habeas relief, Petitioner complained that his federal sentence was incorrectly calculated, because it did not provide him with credit for time he served in a state correctional facility. (*Id.* at 8-10). He asked that his sentence be recalculated to account for that time.

On September 16, 2016, after receiving Petitioner's filing fee, the undersigned ordered the Respondent to show cause why the relief requested should not be granted. (ECF No. 5). Respondent filed a response to the show cause order on November 2, 2016, arguing that Petitioner was not entitled to any credit for the time he served in state custody on a state sentence. (ECF No. 8). The following day, the Court entered an Order allowing Petitioner sixty days to file a memorandum in opposition to the Respondent's argument. (ECF No. 9). Petitioner filed a memorandum reasserting his arguments and asking the Court to credit time against his sentence.

On January 9, 2018, Respondent filed the pending Motion to Dismiss. (ECF No. 11). Respondent supplies an affidavit signed by Sharon Wahl, a paralegal with FCI Beckley Consolidated Legal Center. (*Id.* at 6). Ms. Wahl verifies that Petitioner was transferred from FCI Beckley to a Residential Reentry Center on June 5, 2017, and was subsequently released from the Federal Bureau of Prison's custody on December 4, 2017. Petitioner has left no forwarding address with the Clerk of Court.

## II.    **Discussion**

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must

2

present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, when a federal prisoner files a habeas corpus petition seeking relief from a sentence, his release from custody may render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is

too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, neither exception applies. Petitioner did not challenge his conviction; rather, he claimed that his sentence was miscalculated, improperly lengthening his time in custody. Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Consequently, release from custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable expectation that Petitioner will be incarcerated again and face the same set of circumstances in the future.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from custody renders his petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

## III.   <u>Proposal and Recommendations</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Respondent's Motion to Dismiss, (ECF No. 11), be **GRANTED**;

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED**; and

2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** January 29, 2018

Cheryl A. Eifert
United States Magistrate Judge